Per Curiam.
— The statute did not authorize the appeal in that stage of the cause. It should have been delayed, until after the entry of judgment making, partition, when both the intermediate order and the judgment would have been open for review. (See Code, §§ 11, 245, 333; Cruger v. Douglass, 2 N. Y. 571.)
Appeal dismissed.[1]

 There is much conflict of decision as to the effect of a decree in partition declaring the rights of the parties. At common law, the judgment quad partitime fiat is interlocutory only, and cannot he removed to a superior court, by writ of error. And, accordingly, it was held, in Mill v. Graham, Brownlow 128, that it is no plea, that the defendant has brought a writ of partition for the same lands. Chief Baron Gilbert, however, was of a contrary opinion, and his authority is of great weight. Gilb. C. P. 260. In Mitchell v. Harris, 2 Clark 443, the district court of Philadelphia decided, that a judgment quad partitiofiat, the awarding of a writ of partition and the return of a valuation of the lands whereof partition was demanded, the refusal of the parties to take them at the valuation, and the decree of the court, that the lands should he sold, was not a bar to another action brought by another tenant of the same land for the partition thereof. In Robinson’s Appeal, 62 Penn. St. 213, it was held, by the supreme court of Pennsylvania, that an appeal lay from a decree of sale in partition, on the ground that it was a definitive decree. "Whilst the same court held, that no decree lay from the order of sale in pursuance of such decree, hut only from the decree confirming such sale. Robinson v. Glancy, 69 Penn. St. 89.